# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

ELECTRICAL MECHANICAL SOLUTIONS      Civil Action Number
                                                                            17-1676-SDD-RLB

VERSUS

MONFORTE EXPLORATION, LLC

## RULING

This matter is before the Court on the *Motion for Summary Judgment*[1] filed by Plaintiff, Electrical Mechanical Solutions ("Plaintiff"). Defendant, Monforte Exploration, LLC ("Defendant") has filed an *Opposition*[2] to the motion, to which Plaintiff filed a *Reply*.[3] For the reasons which follow, Plaintiff's motion shall be granted.

**I.    BACKGROUND**

Plaintiff alleges that, over the course of eighteen months, Defendant failed to pay any rent due for a generator it leased from Plaintiff under an Equipment Lease Agreement ("the Agreement") executed July 6, 2016. Plaintiff filed suit claiming Defendant's default under the Agreement and seeking to recover monies owed under the Agreement, interest, and attorney's fees and costs. Plaintiff has alternatively argued that, should the Court find that the Agreement does not provide for the recovery of attorney's fees, Plaintiff is entitled to attorney's fees under La. R.S. 9:2781 as the Agreement constitutes an "open account."[4]

Defendant opposes Plaintiff's motion only to the extent that Plaintiff argues the

---
[1] Rec. Doc. No. 23.
[2] Rec. Doc. No. 26.
[3] Rec. Doc. No. 29.
[4] La. R.S. 9:2781(D) defines "open account" as "any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. 'Open account' shall include debts incurred for professional services, including but not limited to legal and medical services. For the purposes of this Section only, attorney fees shall be paid on open accounts owed to the state.

51300

Agreement constitutes an "open account" under Louisiana law. Defendant fails to offer any summary judgment evidence or argument to controvert its default or the amount due under the Agreement.

## II.   LAW AND ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5]  "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[6]  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[7]  If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[8]  However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[9]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a

---

[5] Fed. R. Civ. P. 56(a).
[6] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[7] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[8] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[9] *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

reasonable jury could return a verdict for the nonmoving party.'"[10] All reasonable factual inferences are drawn in favor of the nonmoving party.[11] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[12] "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"[13]

### B. Default under the Lease Agreement

On July 6, 2016, Defendant leased a Land Pride Custom Build Diesel Genset generator from Plaintiff pursuant to an Equipment Lease Agreement.[14] The Agreement provides that Defendant would operate the generator month-to-month aboard a fixed platform in the Gulf of Mexico on the outer continental shelf.[15] Defendant took possession of this generator in 2016 and maintained possession until the Court ordered repossession on August 16, 2018.[16] Plaintiff contends it has attempted to recover the amount due, but the Defendant has consistently refused to pay. Plaintiff cites Section III of the Agreement entitled Compensation, which details Defendant's rent obligations under the Agreement.[17] Appendix A of the Agreement provides for a rate of $175.00 per day (or $4,900.00 per

---

[10] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[11] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[12] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[13] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[14] Rec. Doc. No. 1-2 at 3-14.
[15] Rec. Doc. No. 18-1.
[16] Rec. Doc. No. 19.
[17] Rec. Doc. No. 1-2 at 4.

month) in rent for the generator.[18] The invoices submitted by Plaintiff demonstrate that Defendant has failed to pay any rent from May 2017 through mid-August 2018, resulting in an outstanding balance of $86,450.00.[19] Further, Plaintiff submits an invoice detailing $11,534.70 in late fees Defendant accrued during this time period, which results in a total balance of $97,984.70.[20]

Plaintiff also claims that attorney's fees are available under the Remedies section of the Agreement. Section VI (2) provides:

> Lessor may exercise any other right or remedy available to it by law or by agreement, **and may in any event recover legal fees and other expenses incurred by reason of a Default** or the exercise of any remedy hereunder, including expenses of repossession, repair, storage, transportation, and disposition of the Equipment.[21]

Defendant has not challenged or argued that attorney's fees are not available under the Remedies section of the Agreement. The Court finds that this provision contemplates recovery of attorney's fees in the event of a Default. Thus, Plaintiff's alternative argument that the Agreement constitutes an open account need not be addressed by the Court.

Defendant's sole argument in opposition to Plaintiff's motion is that the Agreement does not constitute an open account. However, Plaintiff's motion is not limited to the theory of recovery on an open account. Defendant has failed to submit any summary judgment evidence to controvert the summary judgment evidence submitted by Plaintiff establishing that Defendant has defaulted under the Agreement and owes the amounts set forth in the invoices. Indeed, Defendant utterly ignores this issue. In its *Statement of*

---

[18] Rec. Doc. No. 1-2 at 15.
[19] Rec. Doc. No. 23-1 at 17.
[20] *Id.* at 1.
[21] Rec. Doc. No. 1-2 at 6 (emphasis added).

51300

*Disputed Facts*,[22] which contains three statements addressing only the issue of whether the Agreement constitutes an open account, Defendant fails to controvert the *Statement of Undisputed Facts*[23] submitted by Plaintiff, which include:

> 3. Monforte failed to pay any rent over the course of eighteen months for an outstanding balance of $86,450.00.
>
> 4. During that period, Monforte also accrued $11,534.70 in late fees as detailed on Invoice No. FC21g00001 for a total balance of $97,984.70.

Thus, as a matter of fact and law, these statements are deemed admitted.[24] Accordingly, Plaintiff is entitled to summary judgment as there are no material issues of fact that preclude judgment against the Defendant for the amounts due.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's *Motion for Summary Judgment*[25] is hereby GRANTED. Plaintiff shall submit to the Court, on or before May 17, 2019, a brief setting forth a basis for the amount of requested attorney's fees and costs. Plaintiff's brief must comply with the Local Rules of the Middle District and apply the legal principles applicable to this determination. The Court will delay entering final judgment in this matter until resolution of the issue of attorney's fees and costs.

Signed in Baton Rouge, Louisiana the 1st day of May, 2019.

*[signature: Shelly D. Dick]*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[22] Rec. Doc. No. 26-2.
[23] Rec. Doc. No. 25.
[24] Local Rule 56(b) requires a litigant to include with a summary judgment opposition "a separate, short and concise statement of the material facts as to which the opponent contends there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this Rule."
[25] Rec. Doc. No. 23.

51300